JAMES et al. v. SITOMER et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

PARTNERSHIP—EVIDENCE.

　　Evidence in an action against S. and B., as partners, for plumbing done by plaintiff, is sufficient to go to the jury on the question of S. being a partner of B., though all of plaintiff's dealings were with B., except that once, being angry because of the failure to pay him, he had a conversation with B. and S., in which, as he testified, he said that he could go no further with the work unless he got a certain payment, and B. said, "My partner, S., will give you a check in a few days," and S. told plaintiff to keep on with his work and he would give him the money in a few days, and plaintiff afterwards saw S. around the building several times, but had no conversation with him, and plaintiff also did some work on the private house of S., and went to the office of S., and was there given certain payments in checks, he not then seeing S., but the checks being given him by B., who went into and then came out of a side office, on the window of which was the name of S.; and this, though plaintiff admitted that he could not swear that the man introduced as B.'s partner, S., was S., as S. did not appear in court.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 427.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Charles James and another against Abram Sitomer and another. From the part of the judgment which dismissed the com-

plaint against defendant Sitomer, plaintiffs appeal.     Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Michael J. Grady, for appellants.
Louis B. Boudin, for respondents.

WOODWARD, J.   The action was brought by the plaintiffs, copartners in business as plumbers, against the defendants, as copartners, for the sum of $299.10.   There was no dispute as to the performance of the work, the furnishing of the materials, or the balance due therefor, but judgment was rendered in the sum of $296.85 against the defendant Bradkowsky alone; the complaint against Sitomer being dismissed, the court holding that the plaintiff failed to prove a partnership between Bradkowsky and Sitomer which would make Sitomer liable for the debts incurred by Bradkowsky.   After considering the evidence, I am of the opinion that the facts are such as to put the defendant Sitomer to his proof.   The plaintiff submitted an estimate to Bradkowsky, a contract was thereupon made, and the work was done in accordance with that contract.   It appears, furthermore, that all of the dealings of the plaintiff, except one, were with the defendant Bradkowsky.   The only time that the plaintiff dealt with the defendant Sitomer was when, being incensed because of the defendants' failure to pay, he threatened to take his tools away.   I consider this occasion, however, significant.   I quote from the plaintiff's testimony as shown by the minutes:

"Q. Give us the conversation between Bradkowsky, yourself, and Sitomer. A. I said: 'There is a payment of $150 due here, and I cannot go any further with this work unless I get that payment.'   He said: 'Mr. James, my partner, Mr. Sitomer, will give you a check in a few days.'   And Mr. Sitomer says: 'Yes; leave your tools on the job, and don't go away.   In a few days I will give you your money.' "

The plaintiff testified that he subsequently saw Sitomer around the building several times, though he had no further conversation with him; that his workmen did work at the private house of the defendant Sitomer; that he went to the office of said Sitomer, and was there paid on account for his work in checks aggregating $525.10; that he did not see Sitomer, but that the checks were given him by Bradkowsky, who went into and then came out of "a little side office"; and that there was a sign on the window "A. Sitomer."   While the plaintiff admitted that he could not swear that the man introduced by Bradkowsky as his partner, Sitomer, was Sitomer, yet, having seen the man purporting to be Sitomer around the work, and having been promised payment by him, and having also on one occasion been paid at an office in which was a sign inscribed with his name, the plaintiff had good reason to conclude that Sitomer was the partner of Bradkowsky.

The defendant Sitomer, therefore, should be put to the proof.   If there are two Sitomers, one false and another real, it was significant that, as indicated by the record, neither was in court.   Surely, if the real Sitomer was imposed upon, it can be no hardship for him to es-

tablish his identity. If, however, there is but one Sitomer, and he has been doing business with Bradkowsky, and has permitted himself to be introduced as the partner of Bradkowsky, he may be liable.

I am of the opinion, therefore, that that part of the judgment dismissing the complaint against the defendant Sitomer should be reversed, and a new trial granted.

That part of the judgment of the Municipal Court dismissing the complaint against the defendant Sitomer reversed, and new trial ordered; costs to abide the event. All concur.